UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES GOAH, | CIVIL NO. 17-5425 (MJD/DTS) |
| Plaintiff, | |
| v. | <u>ORDER</u> and <u>REPORT AND RECOMMENDATION</u> |
| CITIMORTGAGE,<br>*an entity of Citigroup, Inc.,* | |
| Defendant. | |

Charles Goah, 5234 Byron Avenue North, Crystal, MN 55429, *Pro Se* Plaintiff

Kathryn E. Wendt, Esq. and Kirstin D. Kanski, Esq., Ballard Spahr LLP, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402, for Defendant

## INTRODUCTION

Plaintiff Charles Goah ("Goah") filed a lawsuit asserting that he is entitled to relief under a settlement agreement entered into by Citigroup, the U.S. Department of Justice ("DOJ"), and several states that resolved claims involving mortgage-backed securities ("Settlement Agreement"). Defendant CitiMortgage moved to dismiss his claims, contending that he lacks standing to enforce the Settlement Agreement and, moreover, he has not stated any cognizable claim of discrimination under the Fair Housing Act or the Equal Credit Opportunity Act. For the reasons stated below, CitiMortgage's Motion to Dismiss [Docket No. 10] is granted, and Goah's Motion for Continuance [Docket No. 19] is denied.

## FINDINGS OF FACT

In 2014 Citigroup, the DOJ, and several states signed a Settlement Agreement that, among other things, provided $2.5 billion in consumer relief. Settlement

Agreement, intro. & ¶¶ 1-2, Docket No. 13-1.  Neither Goah nor CitiMortgage is a party to the Settlement Agreement.[1]  *See id.* at 1.  The Settlement Agreement did not guarantee relief to any specific consumer, nor did it dictate the method to be used in determining which individual consumers would receive funds.  *See id.* ¶ 2, Annex 2.

Goah and his wife had a residential mortgage loan with CitiMortgage.  In 2010 and 2012 CitiMortgage did loan modifications on their account, each time lowering the interest rate and bringing the account current.  *See* June 8, 2016 CitiMortgage Letter (summarizing modifications) attached to Complaint, Docket No. 1-2 at 3.  In or about May 2015 Goah submitted an application for mortgage assistance to CitiMortgage.  *See* May 7 and May 14, 2015 CitiMortgage Letters, Docket No. 3 at 8-12.  In a June 19, 2015 letter, CitiMortgage notified Goah that it was transferring his mortgage loan to Midland Mortgage effective July 7, 2015.  Docket No. 13-2.  On June 29, 2015, Goah submitted to CitiMortgage a Customer Hardship Assistance Package application seeking mortgage assistance and specifically requesting relief under the Settlement Agreement.  Docket No. 3 at 1-7.

In May and July 2016 Goah again contacted CitiMortgage inquiring about relief under the Settlement Agreement.  *See* June 8 and July 18, 2016 CitiMortgage Letters (referencing Goah's inquiries), Docket No. 1-2 at 3, 4.  He asserted that CitiMortgage transferred his mortgage loan as a way to deny him relief under the Settlement Agreement.  *See id.*  CitiMortgage responded that no specific borrower was designated to get consumer benefits under the agreement, that the class of eligible borrowers was contacted by the various Citigroup entities participating in the settlement, and that Goah

---

[1] CitiMortgage is a separate and distinct legal entity from Citigroup, but is related to Citigroup as described in CitiMortgage's Rule 7.1 Corporate Disclosure Statement [Docket No. 7].  CitiMortgage Br. 4 n.2, Docket No. 12.

should direct any requests for hardship assistance to Midland Mortgage, the current servicer of his mortgage account. *Id.*

Goah filed this lawsuit against CitiMortgage in December 2017. Docket No. 1. He alleged that CitiMortgage's failure to provide him with mortgage assistance or benefits under the Settlement Agreement and its transfer of his loan are evidence of a "policy of discrimination" that violates the consumer relief provisions of the agreement. Complaint ¶¶ 25, 27, Docket No. 1. Goah contends that CitiMortgage's actions were discriminatory under the Fair Housing Act ("FHA") and the Equal Credit Opportunity Act ("ECOA") and consequently CitiMortgage violated the Settlement Agreement's mandate that consumer relief not be implemented through any policy that violates those statutes [*see* Settlement Agreement, Annex 2, Docket No. 13-1 at 35]. *Id.* ¶¶ 20, 38-39. He sought damages in the amount of the full value of his mortgage and the HUD partial payment amount, as well as emotional distress damages. *Id.* ¶¶ 41-42. CitiMortgage moved to dismiss, stating that Goah lacks standing to assert rights or obtain relief under the Settlement Agreement and that his complaint fails to state a viable claim under the FHA or ECOA.

**CONCLUSIONS OF LAW**

1. **CitiMortgage's Motion to Dismiss**

CitiMortgage contends that Goah lacks standing to enforce the terms of the Settlement Agreement and therefore the Court must dismiss his complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

In deciding a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, a court may consider the entire record and is not limited to the pleadings. *Osborn v. United States*, 918 F.2d 724, 728-29 (8th Cir. 1990). When a jurisdictional

3

question exists, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  The plaintiff's allegations are not entitled to a presumption of truthfulness, and the existence of disputed material facts does not preclude a court from deciding the jurisdictional issue. *Id.*  The burden of proof that jurisdiction exists remains with the plaintiff. *Id.*

A federal court's jurisdiction is limited to cases and controversies, which requires a plaintiff to have standing. *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 895 (8th Cir. 2015).  When standing is called into question, a court must determine as a threshold matter that the plaintiff has standing and thus the court has jurisdiction to consider the merits of the claims. *See id.* at 895.  A plaintiff bears the burden to show he satisfies the standing requirement. *Medalie v. Bayer Corp.*, 510 F.3d 828, 830 (8th Cir. 2007).

To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).  To demonstrate an "injury in fact," a plaintiff must show that he suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted).

A third party generally has no standing to enforce a settlement agreement. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 958 (8th Cir. 2002).  The Eighth Circuit has stated:

> In order for a third party to be able to enforce a consent decree, the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also

4

intended to give that third party a legally binding and enforceable right to that benefit. This standard applies whether or not the government is a party to the consent decree.

*Id.* (internal citations omitted). "When construing a consent decree, courts are guided by principles of contract interpretation and, where possible, will discern the parties' intent from the unambiguous terms of the written consent decree, read as a whole." *Id.*

Goah has no legally protected interest under the Settlement Agreement. He has not identified any language in the agreement that expresses the parties' intent to make him a third-party beneficiary who has the right to enforce its terms. Goah points to the following language to support his claims [Goah Br. ¶¶ 14-16, Docket No. 19]:

> 2.   **Consumer Relief.**  In addition, Citigroup shall provide $2.5 billion worth of consumer relief as set forth in Annex 2, attached and hereby incorporated as a term of this Agreement.  The value of consumer relief provided shall be calculated and enforced pursuant to the terms of Annex 2.  An independent monitor will be appointed to determine whether Citigroup has satisfied the obligations contained in this Paragraph (such monitor to be Thomas J. Perrelli), and any costs associated with said Monitor shall be borne by Citigroup.
>
> * * *
>
> Annex 2
>
> **Consumer Relief**
>
> Eligibility:  The Consumer Relief eligibility criteria shall reflect only the terms set forth below and the following principles and conditions:  (1) Consumer Relief will not be implemented through any policy that violates the Fair Housing Act or the Equal Credit Opportunity Act; (2) Consumer Relief will not be conditioned on a waiver or release by a borrower, provided that waivers and releases shall be permitted in the case of a contested claim where the borrower would not otherwise have received as favorable terms or consideration; and (3) Eligible modifications may be made under the Making Home Affordable Program (including the Home Affordable Modification Program ("HAMP") and the Housing Finance Agency Hardest Hit Fund) and any proprietary or other modification program.

Settlement Agreement ¶ 2, Annex 2, Docket No. 13-1 at 5, 35.

5

However, nothing in the above language expresses any intent to confer enforceable rights on third parties. Goah asserts that the fact that he had a mortgage loan with CitiMortgage when the Settlement Agreement was signed gives him a "legally protected interest" to enforce it:

> Therefore, if CitiMortgage account number [] was active and was a consumer account of CitiMortgage, an entity of Citigroup, on July 11, 2014 when the Settlement Agreement was signed between the US Department et al, and Citigroup, . . . then that account, [], by virtu[e] of its existence (in the records of CitiMortgage, an entity of Citigroup) does have a legally protected interest to participate in any judicial proceeding.

Goah Br. ¶ 7, Docket No. 19. Goah's assertion is incorrect. There is no language in the Settlement Agreement that confers on him the right to enforce the agreement as a third-party beneficiary simply due to his status as a CitiMortgage borrower who sought mortgage assistance.

Because Goah has no legally protected interest in the Settlement Agreement, he cannot establish the required "injury in fact" and therefore has no standing to enforce or seek relief under that agreement. The Court lacks jurisdiction to consider his claims against CitiMortgage for relief under the Settlement Agreement and grants CitiMortgage's motion to dismiss under Rule 12(b)(1).

CitiMortgage also raised alternative grounds to dismiss Goah's FHA and ECOA claims under Rule 12(b)(6) for failure to state a claim. CitiMortgage asserts that, even if Goah had standing, his claims that CitiMortgage's conduct was discriminatory under the FHA and ECOA fail to state a cognizable claim. The Court does not analyze this alternative basis for dismissal, however, because Goah's references to those statutes are simply a restatement of his claims for relief under the Settlement Agreement, which he lacks standing to bring.

6

Goah has not pleaded the elements of a cause of action against CitiMortgage under either the FHA or ECOA. Rather, his allegations of discrimination are tied to the alleged breach of the requirements established in the Settlement Agreement, in other words, that CitiMortgage's performance under the agreement violated the FHA and ECOA. Goah alleges in a conclusory way that it was discriminatory for CitiMortgage not to provide mortgage relief to him, that Annex 2 of the Settlement Agreement requires that "Consumer Relief will not be implemented through any policy that violates the Fair Housing Act or the Equal Credit Opportunity Act," and therefore CitiMortgage violated the Settlement Agreement by its allegedly discriminatory conduct. *See* Complaint ¶¶ 19-20, 25, 27, 32-33, 35-40, Docket No. 1. For example, Goah alleges:

> [I]f a borrower is excluded from the list of CitiMortgage customers who was a client prior to the Settlement of July 11, 2014, and that borrower had a loan with "troubled loan history" or a loan in "imminent default" as in the case where one of the co-borrowers had lost their job, and without enough income, default would be imminent, yet, that borrower is not included in the "class of eligible borrowers," then CitiMortgage would be implementing a policy of discrimination that violates "the principle and condition" of the Consumer Relief criteria.
>
> * * *
>
> That . . . act on the part of CitiMortgage constitutes discrimination since no reason was ever given to holder of account [] (Charles Goah, plaintiff), yet, other accounts were considered as "eligible."

Complaint ¶¶ 27, 32, Docket No. 1.

If Goah has any FHA or ECOA causes of action – independent of his claim that CitiMortgage's discriminatory failure to provide additional mortgage relief to him violated the Settlement Agreement – he has not pleaded them here. Goah lacks standing to bring the claims in his complaint, and the Court grants CitiMortgage's motion to dismiss for lack of jurisdiction.

7

**2.   Goah's Motion for Continuance**

In response to CitiMortgage's motion to dismiss, Goah requested a "continuance of the matter before the court."  Answer to Motion to Dismiss, and Motion for Continuance ¶ 33, Docket No. 19.  Goah's motion did not comply with Local Rule 7.1 but, even if the Court treated the motion more liberally due to Goah's status as a *pro se* litigant, Goah did not state any basis on which the Court could evaluate the merits of his request.  His motion for continuance consists of a single sentence and does not include any argument as to why a continuance is necessary or appropriate.  *See id.*  Moreover, as discussed above, the Court has dismissed Goah's claims for lack of jurisdiction.  Accordingly, the Court denies Goah's motion.

## ORDER

For the reasons set forth above, IT IS ORDERED THAT Plaintiff's Motion for Continuance [Docket No. 19] is DENIED.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT Defendant's Motion to Dismiss [Docket No. 10] be GRANTED.

Dated:  July 3, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those

8

objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).